IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 3 2013

JULIA C. DUDLEY, CLERK
BY: /s/ 
   DEPUTY CLERK

| | |
|---|---|
| JEREMY L. MANNS, | ) CASE NO. 7:12CV00118 |
| | ) |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| HAROLD W. CLARKE, | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Respondent. | ) |

Jeremy L. Manns, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his detention under a judgment convicting him of the malicious wounding of his wife and her twin brother and related firearms offenses. Upon review of the record, the court grants respondent's motion to dismiss.

I

Daniella St. Louis and Jeremy Manns were married in June 2007 and lived with Daniella's family.[1] The couple had a child in October 2007, but relationship problems led to Manns' moving in with his parents in November 2007.

On November 30, 2007, Daniella, driven by her twin brother, Daniel St. Louis, arrived later than expected to pick up the baby from Manns after work. Manns grew argumentative about who should go inside to get the baby. Manns brought the baby outside, but continued to argue and refused to comply when Daniella told him to put the baby in the car so she could leave. Manns set the baby down in his car seat and assaulted Daniella. Daniel came around the car and fought with Manns. During this struggle, Manns stole Daniel's cell phone after Daniella

---

[1] This statement of the evidence, presented in the light most favorable to the prosecution, is taken from the transcript of the July 17, 2008, trial. (ECF No. 14, Exh. 5.)

used it to call police. Manns struck Daniella in the head and knocked her to the ground. When his parents came to Daniella's aid, Manns walked inside the house.

After the police arrived, they looked for Manns, but did not find him. The twins told Investigating Officer Hopkins what had happened, and he took out a warrant against Manns for domestic assault. Hopkins also advised Daniel to go to the magistrate and swear out a warrant against Manns for assault and larceny. The twins did so.

The twins returned home after dark, around 9:00 p.m., and waited with the baby in the car for Daniella's mother to arrive. After a few minutes, Daniella saw Manns walking up the street toward them. Daniel panicked and put the car first in neutral and then in reverse before finally putting it in drive. The noise of these activities alerted Manns that the twins were trying to get away. Manns ran toward them and shot Daniel through the window of the car as it drove past him. Daniel, struck in the arm and chest, kept driving slowing for a short time, while Daniella tried to call 911 on her cell phone. When he could not drive any longer, Daniel stopped on Cove Road and got out so Daniella could drive. Before she could get in the driver's seat, Manns caught up to the car. Although Daniella begged him not to do it, Manns shot her in the chest. After she fell to the ground, Manns tried to shoot her in the head, but the gun malfunctioned.

When Daniel came to help his sister, Manns tried to shoot him. Again, the gun did not fire, and Daniel fled. Manns chased him and managed to fire two or three shots at Daniel as he ran. Determined to help her brother, Daniella got in the car and followed the chase until Manns gave up and ran away. Daniella got Daniel in the car and drove to the nearest well-lighted place and sought help.

At trial, the twins identified Manns as their assailant. Police recovered Daniella's shoe and cell phone from Cove Road. Manns testified that, at the time of the shooting, he was on his

way to North Carolina with his brother, whose testimony corroborated this account. Manns' only other witness was Alfred Kinsey. Shortly after the incident, Kinsey told police that he had witnessed the second shooting and that he had seen the shooter get out of the passenger side of the twins' car. At trial, Kinsey testified that he was drunk at the time of the shooting, that he had a bad memory, that he did not remember anything except hearing one or two shots fired that night, and that he did not remember what he had told police.[2]

After a bench trial on July 17, 2008, in the Circuit Court for the City of Roanoke, Manns was convicted of two counts of malicious wounding, possession of a firearm by a violent felon, use of a firearm in the commission of a malicious wounding, discharging a firearm in a public place, shooting into an occupied vehicle (CR08-321-00, CR08-321-01, CR08-321-02, CR08-321-03, CR08-334-00, CR08-334-01, and CR08-335). The Court sentenced Manns to a total of 48 years in prison, with 23 years suspended.

Manns appealed to the Court of Appeals of Virginia (Record No. 2767-08-3). A single judge, and then a three-judge panel, of the Court of Appeals denied Mann's petition for appeal. The Supreme Court of Virginia refused Manns' petition for appeal by summary order dated April 2, 2010 (Record No. 092378).

Manns pursued a timely petition for a writ of habeas corpus in the Circuit Court for the City of Roanoke (CL11-325). The circuit court dismissed Manns' petition by order dated June 8, 2011, finding his trial error claims to be procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974) (prohibiting Virginia prisoners from first raising in state habeas proceedings claims that they could have, but did not, raise at trial and on direct appeal), and

---

[2] Counsel attempted to refresh Kinsey's memory, using his written statement to police. When Kinsey testified that he did not have his reading glasses, counsel read his prior statement on the record. Kinsey's statement was not admitted as evidence.

3

holding his ineffective assistance of counsel claims to be without merit under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Manns appealed only as to the circuit court's dismissal of four of his ineffective assistance claims. The Supreme Court of Virginia denied his petition for appeal in a summary order dated January 6, 2012, finding no reversible error (Record No. 111674).

Manns filed this timely § 2254 petition, raising the following grounds for relief:[3]

- A. The indictment charging petitioner with discharging a firearm in a public place was defective;

- B. The trial court erred in finding that petitioner had been previously convicted of a violent felony, because his prior conviction for shooting into an occupied building was not a violent felony under Virginia law;

- C. The trial court erred in refusing to appoint new counsel;

- D. The trial court abused its discretion by denying petitioner's continuance motion;

- E. The evidence adduced at trial was insufficient;

- F. Counsel was ineffective for: (i) failing to investigate and discover the identity of the "real" perpetrator; (ii) failing to question why the prosecution wanted to read the statement of defense witness Alfred Kinsey into the record; (iii) failing to question Daniella St. Louis about the custody battle between herself and petitioner; and (iv) failing to argue that there was no physical evidence linking petitioner to the crimes.

Respondent has filed a motion to dismiss, to which Manns has responded, making the matter ripe for disposition.

---

[3] In his § 2254 petition, Manns recites claims he raised on direct appeal and in state <u>habeas</u> proceedings and then incorporates by reference certain claims from each proceeding as his claims for relief under § 2254.

4

## II

### A. Procedural Default

Absent a valid excuse, a state prisoner petitioner "must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard v. Connor, 404 U.S. 270, 275, 277-78 (1971)). Petitioner has the burden to prove that he exhausted state court remedies as to each of his federal habeas claims. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (omitting citations). If a state court expressly bases its dismissal of a habeas claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal version of that habeas claim is procedurally barred from review on the merits. Breard, 134 F.3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state court's application of a procedural bar is a finding of fact entitled to the presumption of correctness. 28 U.S.C. § 2254(d); Stockton v. Murray, 41 F.3d 920, 924 (4th Cir. 1994). A federal habeas court may review the merits of a procedurally defaulted claim only if petitioner demonstrates cause for the default and resulting prejudice or makes a colorable showing of actual innocence. Breard, 134 F.3d at 620.

Respondent asserts that Manns' Claim A (alleging a defective indictment on one count) and Claim B (alleging that his prior conviction was not a violent felony) are procedurally defaulted. When Manns raised these same allegations on direct appeal, the Court of Appeals of Virginia found the claims barred because Manns had failed to raise them at trial, as required by Virginia Supreme Court Rule 5A:18, and the Supreme Court of Virginia dismissed his appeal. Therefore, this court presumes that the Supreme Court of Virginia's order dismissed the appeal for the same procedural reasons as did the Court of Appeals. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (recognizing a presumption that where there has been one reasoned state court

judgment rejecting a federal claim on procedural grounds, later unexplained orders upholding that judgment or rejecting that same claim rest upon the same ground).

Virginia's contemporaneous objection rules are recognized as independent and adequate state law grounds barring consideration of a habeas petitioner's federal claims. See, e.g., Clagett v. Angelone, 208 F.3d 370, 378 (4th Cir. 2000). The state court's dismissal of these claims as procedurally defaulted bars federal review of the claims, unless Manns shows cause for the default or makes a colorable showing of actual innocence. Because Manns makes neither of these showings, Claims A and B are procedurally barred from review on the merits in this court. Therefore, court will grant the motion to dismiss as to Claims A and B.[4]

## B. Noncognizable State Law Matters

To warrant federal habeas relief under § 2254, petitioner must demonstrate that he is in state custody in violation of the Constitution, laws, or treaties of the United States. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68.

Manns' Claim B (alleging that his prior conviction was not a violent felony under Virginia law) and Claim D (alleging trial court error for denying a continuance) do not allege any violation of federal Constitutional provisions, laws or treaties. Therefore, these claims do not present grounds for federal habeas relief under § 2254. For this reason, the court will grant the motion to dismiss as to Claim D.

---

[4] Even if Manns could show that Claim B was not procedurally defaulted, this claim does not present a ground for federal habeas relief. See, infra, Section II(B).

C. **Standard of Review for Adjudicated Constitutional Claims**

Under 28 U.S.C. § 2254(d), the federal habeas court must give deference to state court rulings on the merits of petitioner's claims. The federal court may grant habeas relief only if the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S.__, __, 131 S. Ct. 770, 786 (2011) (omitting internal quotations).

This court may address Claims C, E, and F on the merits, subject to the deference to the state courts' rulings as mandated under § 2254(d). Manns raised Claims C and E on direct appeal, and the Court of Appeals of Virginia adjudicated them on the merits. Manns raised all subparts of Claim F, alleging ineffective assistance of counsel, in his state habeas petition, and the Circuit Court adjudicated them on the merits. In each proceeding, the Supreme Court of Virginia denied relief in a summary order. On federal habeas review, this court "looks through" the Supreme Court of Virginia's unexplained denials of Manns' claims to evaluate the reasonableness of the lower courts' rulings on these claims. Ylst, 501 U.S. at 806.

**Claim C: Refusal to Appoint New Counsel**

Under the Sixth Amendment right to counsel, the court must afford the defendant " a reasonable opportunity to secure counsel of his choice," but retains its "inherent power to control the [orderly] administration of justice." United States v. Gallop, 838 F.2d 105, 107-08 (4th Cir. 1988) (citing Powell v. Alabama, 287 U.S. 45, 53 (1932)); Morris v. Slappy, 461 U.S. 1, 13

7

(1983)). An indigent defendant "has no right to have a particular lawyer represent him and can demand a different appointed lawyer only with good cause." Id. at 108. To determine if a trial court abused its discretion in denying a motion to substitute appointed counsel, the reviewing court must consider the "timeliness of the motion," the adequacy of the court's inquiry into the defendant's complaint," and "whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense." United States v. Perez, 661 F.3d 189, 191 (4th Cir. 2011).

Manns asserts in Claim C that the trial court erred in denying his request for new appointed counsel on March 4, 2008, and in denying his request to continue the trial to allow Manns to retain counsel. Manns asserts that although he expressed ongoing dissatisfaction with counsel's representation, the trial court made cursory inquiries about the problems and denied Manns' motions regarding his desire for new counsel.

In addressing this claim, the Court of Appeals of Virginia reviewed in detail several occasions when the trial court conducted a dialogue with Manns about his dissatisfaction with his court-appointed counsel. The Court of Appeals denied the appeal on this claim upon finding that the record supported the trial court's rulings on each occasion that Manns had not shown good cause for replacing counsel.

This court agrees with the state court finding that the trial judge made appropriate inquiry into Manns' requests and that Manns failed to demonstrate good cause for substitution of appointed counsel. Moreover, Manns fails to make any showing of conflict with counsel that prevented him from communicating with the attorney or from preparing an appropriate defense. Therefore, the court cannot find that the state court's adjudication was contrary to or an

unreasonable application of federal law or was based on an unreasonable determination of facts, and will grant the motion to dismiss under § 2254(d) as to Claim C.

### Claim E: Sufficiency of the Evidence

"[T]he Due Process Clause of the Fourteenth Amendment protects a defendant in a [state] criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Jackson v. Virginia, 443 U.S. 307, 315 (1979) (quotation marks and citation omitted). In determining on habeas review whether the record evidence supports a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319. The resolution of witnesses' credibility and conflicting testimonies and the assignment of appropriate weight to the evidence are the exclusive province of the fact finder and not that of the habeas court. Id.

Manns contends in Claim E that because his alibi defense created reasonable doubt as to his guilt, the Commonwealth's evidence was insufficient to support his convictions. He asserts that the victims had reasons to testify negatively against him and that their testimony was inconsistent and unsupported by physical evidence placing him at the scene.

At the close of the bench trial, the circuit court judge "resolv[ed] the credibility issues in favor of the Commonwealth because Daniel and Daniell[a] certainly had clear, cogent, unequivocal testimony as to what happened to them and who did it." (T 215). The judge noted the alternatives the defense offered—an unknown third party perpetrator that the twins mistook for Manns or a plot contrived by the twins to have someone harm them and frame Manns—and found neither of them to be "a reasonable theory consistent with [Manns'] innocence." (T 215). The Court of Appeals found that the evidence, viewed in the light most favorable to the

Commonwealth, "was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt [Manns] was guilty of all charges." (ECF No. 14-2, at 6-7.) Manns has no valid argument that these state court findings were contrary to or an unreasonable application of Jackson or that they were based on an unreasonable determination of facts. The court will grant the motion to dismiss as to Claim E under § 2254(d).

### Claim F: Assistance of Counsel

To state a constitutional claim for ineffective assistance, petitioner must satisfy a two-prong test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 686-87 (1984). Petitioner must overcome "a strong presumption" that counsel's performance was reasonably competent, and the court may adjudge counsel's performance deficient only when petitioner demonstrates that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 689-90. Even if petitioner can establish deficient performance under this high standard, relief remains unavailable unless he also shows a "reasonable probability" that, but for counsel's errors, the outcome of the proceeding would have been different. Id. at 694-95. The court must deny relief if petitioner fails to establish either of the Strickland prongs. Id. at 697.

Manns first alleges that counsel was ineffective for failing to investigate and discover the identity of the "real" shooter, referring to the alternative version of events described in Kinsey's statement to police. The circuit court dismissed this claim as meritless under Strickland. The Court noted that Manns offered no favorable evidence or testimony that counsel would have

uncovered through further investigation or cross-examination.[5] The Court held that counsel's failure to investigate or cross-examine any witness regarding Kinsey's description of the shooter was not deficient representation, given Kinsey's drunken state and the implausibility of the scene he described to police, but could not remember at trial.[6]

Counsel made a strategic choice to focus on Manns' alibi evidence and the reasons that the twins might have lied about who shot them, rather than investigating or asking the twins about Kinsey's outlier account. Because Manns fails to demonstrate that this strategy was unreasonable or that it prejudiced his case,[7] his claim fails. See, e.g., Strickland, 466 U.S. at 689 (noting "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] might be considered sound trial strategy") (omitting internal quotations). Accordingly, the court cannot find that the state courts' adjudication was contrary to or an unreasonable application of federal law or that it was based on an unreasonable determination of facts. The court will grant the motion to dismiss as to Claim F(i) under § 2254(d).

Manns next alleges that counsel was ineffective in failing to question why the prosecution read aloud Kinsey's statement. The state habeas court dismissed this claim under both prongs of Strickland as contrary to the record. Manns' attorney, over the prosecutor's objection, read Kinsey his statement, in an unsuccessful attempt to refresh Kinsey's memory.

---

[5] See, e.g. Beaver v. Thompson, 92 F.3d 1186, 1195 (4th Cir. 1996) ("an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced").

[6] The circuit court noted that Kinsey's version would have required the shooter to fire at Daniel through the car window, climb into the passenger seat and ride with the twins to the site of the second shooting, and get out of the car to shoot Daniella.

[7] Manns asserts that counsel should have expressly asked Daniel and Daniella "who the person was riding in the front passenger seat that got out of the car and came around and shot them." (ECF No. 25, at 17.) The record indicates no possible benefit such questioning offered the defense, inasmuch as both twins testified, unequivocally, that Manns shot them.

Clearly, the state courts' adjudication was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of facts. The court will grant the motion to dismiss as to Claim F(ii) under § 2254(d).

Manns' Claim F(iii) is similarly without merit, based on the record. Manns complains that counsel failed to question Daniella about her legal battle with Manns over custody of their son. The transcript reflects, however, that counsel elicited Daniella's admission that, after numerous court hearings, she had obtained full custody of the boy. Because the state courts' adjudication was not contrary to or an unreasonable application of federal law, and was not based on an unreasonable determination of facts, the court will grant the motion to dismiss as to Claim F(iii) under § 2254(d).

Finally, Manns faults counsel for failing to argue that no physical evidence linked Manns to the crimes. The circuit court noted that the Commonwealth was not required to offer physical evidence of Manns' presence at the scene to support the victims' testimony identifying him as the shooter. The circuit court found that counsel followed a reasonable alternative trial strategy, by focusing on discrediting the victims' testimony, noting Daniella's motivation to lie about Manns to gain advantage in the custody battle and the lack of any nonbiased witness to identify Manns, and by emphasizing the strength of Manns' alibi defense. Finding that counsel's failure to discuss the lack of physical evidence was neither deficient performance nor prejudicial, the circuit court dismissed this claim under both prongs of Strickland.

This court agrees. It is well established that one person's identification of the defendant as the criminal actor is sufficient evidence to support a conviction without offending due process principles. See, e.g., Neil v. Biggers, 409 U.S. 188, 200-01 (1972). Thus, counsel had no valid legal objection regarding the prosecution's failure to offer physical evidence to support the

twins' identification of Manns as the shooter or to discredit Kinsey's account of another shooter. Counsel's choice to make other arguments from the testimony presented was a reasonable trial strategy, and Manns shows no reasonable probability that his alternative argument about the absence of physical identification evidence would have resulted in a different outcome. Because the state courts' adjudication was not contrary to or an unreasonable application of federal law, and was not based on an unreasonable determination of facts, the court will grant the motion to dismiss as to Claim F(iv) under § 2254(d).

### III

For the reasons stated, the court grants the motion to dismiss and dismisses Manns' § 2254 petition. An appropriate order will issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The court finds that petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right" and therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 15th day of February, 2013.

/s/ James C. Turk
Senior United States District Judge